***********
Upon review of the competent evidence of record with reference to the errors assigned from the initial hearing and upon consideration of the evidence presented after reopening the record, as well as the briefs of the parties, the Full Commission enters the following Opinion Award.
 ***********
Based upon the competent evidence presented, The Full Commission makes the following:
 FINDINGS OF FACT
1. Defendant-employer, Tom May d/b/a N.C. Framers, was, at all relevant times herein, engaged in the business of framing homes and buildings.
2. On or about 1 May 2002, plaintiff was employed by defendant-employer. Plaintiff had been employed off and on by Tom May d/b/a N.C. Framers as a carpenter for approximately twenty years.
3. From approximately 1 May 2001 to 1 May 2002, defendant-employer regularly employed Plaintiff and three other individuals.
4. Defendant-employer secured workers' compensation insurance in the name of Tom May, individual, for the period of 1 November 2001 to 16 November 2002. However, defendant-employer's workers' compensation insurance with the Insurance Corporation of New York (INSCORP) was cancelled effective 28 February 2002 for non-payment of premium.
5. On or about 1 May 2002 while working for defendant-employer, plaintiff was attempting to lift a heavy "walk-board" up a ladder with the assistance of another employee. Plaintiff's co-worker was supposed to push the board up the ladder but failed to do so, causing plaintiff to have to bear the full weight of the load and resulting in a strain in plaintiff's groin area. Thus, Plaintiff's injury arose out of and in the course of his employment and resulted from an unlooked for and untoward event which was not expected or designed by the Plaintiff and therefore constituted a compensable accident under the Workers' Compensation Act.
6. Plaintiff reported the incident to defendant-employer, but finished the rest of the workday. Plaintiff reported to work the next day, but had to be taken home at approximately 9:00 a.m. due to pain in his groin area. Plaintiff did not return to work for eight days.
7. Plaintiff's average weekly wage was $552.30.
8. Plaintiff asked defendant-employer to provide him with medical treatment. Defendant-employer refused, stating that his insurance would not cover it.
9. On 20 June 2002, Plaintiff presented himself to the Wilson Memorial Hospital Emergency Department with complaints of pain in the groin area since the lifting incident that occurred on or about 1 May 2002.
10. Plaintiff was examined and released by the emergency department with a prescription for medication and instructions to follow-up with a family doctor or surgeon within 7 to 10 days and not to return to work until 22 June 2002.
11. Plaintiff again requested that Defendant-employer provide him with medical treatment and the same was again refused.
12. On 21 June 2002, Plaintiff retained the services of the Anderson Law Firm in this workers' compensation claim. Although Plaintiff could not advise the Anderson Law Firm of the exact date of his injury, he provided the same history that he provided to the emergency department.
13. According to Defendant-employer, Plaintiff was terminated for being intoxicated on the job on 16 June 2002. According to Plaintiff's testimony, however, he returned to work for Defendant-employer on 22 June 2002 and continued to work until he was seen by Dr. VanBree, urologist, on 28 August 2002. At that time, Plaintiff could no longer work as a result of his continued pain. Thereafter, as a result of his injury, plaintiff did not return to work until he accepted new employment with JP Weaver Company on or about 15 October 2002.
14. At his follow-up appointment with Dr. Vanbree on 14 October 2002, Plaintiff was released with instructions to return within the next six months as needed. Plaintiff has not sought any additional medical treatment. As of the date of the hearing before the deputy commissioner, the outstanding balance with Wilson Urology, P.A. was $289.00 and the balance at Wilson Medical Center was $174.00. Plaintiff purchased medication at an expense of $32.97. The medical treatment Plaintiff received from Wilson Urology and Wilson Medical Center was causally related to his compensable groin injury and was reasonably required due to this injury.
15. At the second hearing, Defendant-employer introduced as Exhibit No. 2 correspondence from the Anderson Law Firm dated 19 July 2002 with regard to plaintiff's claim, which establishes that he did receive a copy of the Form 18 notice of the claim. Defendant-employer also admitted that he received a copy of the Form 18 and that he filed a denial of the workers' compensation claim thereafter.
16. Defendant-employer contends that the "NC" in N.C. Framers is an abbreviation for "Nut Cracker" and not North Carolina and he therefore discarded the calendar notice of the first hearing before the Deputy Commissioner when the defendant was listed as "Carolina Farmers, Inc." When asked about the propriety of his decision to discard the original hearing calendar in the wastepaper basket and "urinate on it", he maintained that the document looked like a joke to him. Tom May, confirmed that he did know that the calendar dealt with plaintiff's claim, but maintained that he "wrote a letter about that."
17. Tom May, d/b/a N.C. Framers, was aware that plaintiff was contending that Tom May's cousin had knowledge of the injury and had provided Plaintiff with a ride home on the day he was injured. Tom May did not call his cousin as a witness to refute plaintiff's testimony. No weight or credibility is given to defendant-employer's assertion that plaintiff was injured while working on a van.
18. Defendant-employer failed to provide any reasonable basis for the defense of this claim or his failure to appear at the original hearing. It is clear from the record that Defendant-employer was fully aware of plaintiff's injury and that plaintiff's claim involved Defendant-employer's company. Since the Full Commission remanded this case for rehearing, failure of notice is no longer an issue.
19. During the penalty hearing portion of the properly noticed second hearing, Tom May appeared and did not offer a reasonable excuse for failure to secure workers' compensation insurance. Even if Defendant-employer's workers' compensation insurance policy had been in effect on 1 May 2002, it would not have covered Plaintiff. The only insured listed on the policy was Tom May. On 29 May 2002, Tom May received a refund in the amount of $1,063.08 after a voluntary self-audit for workers' compensation coverage. His decision to insure only himself when he did carry workers' compensation insurance was deliberate. Tom May's decision to allow his worker's compensation insurance to lapse for non-payment of premium was also deliberate. He did not offer evidence of inability to pay the premium. Tom May had the ability and authority to maintain workers' compensation insurance for his business and he willfully refused or neglected to do so in violation of the Act.
20. Plaintiff's attorney has expended 36 hours prosecuting this action on behalf of plaintiff. Plaintiff's attorney has also incurred expenses in the amount of $10.00 for obtaining plaintiff's medical records. Plaintiff's attorney has submitted an affidavit in support of plaintiff's request for attorney fees.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(1).
2. Plaintiff suffered an injury by accident on or about 1 May 2002 arising out of and in the course of his employment with Defendant-employer. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff's treatment at Wilson Medical Center and Wilson Urology, P.A. was reasonably necessary to provide relief of, effectuate a cure, or lessen any disability associated with Plaintiff's injury and is, therefore, compensable under the Workers' Compensation Act. N.C. Gen. Stat. §97-2(19).
4. Plaintiff is entitled to temporary total disability benefits from defendant for the following time periods: 2 May 2002 through 10 May 2002; 20 June 2002 through 22 June 2002; and 28 August 2002 through 14 October 2002, at the compensation rate of $368.20 per week. N.C. Gen. Stat. §97-29.
5. Defendant-employer is liable for costs, including attorney's fees herein, as a result of failure to comply with the Workers' Compensation Act and defense of this claim without reasonable grounds. N.C. Gen. Stat. §97-88.1. An attorney's fee in the amount of $150.00 per hour is reasonable based on Plaintiff's counsel's education and experience in handling claims before the North Carolina Industrial Commission
6. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of $1.00 for each employee, but not less than $50.00 nor more than $100.00 for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-94(b).
7. Tom May had the ability and authority to bring his business into compliance with N.C. Gen. Stat. § 97-93 and should be assessed a penalty equal to 100% of the amount of compensation due his employees injured during the time his business failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d).
8. Tom May is the owner of N.C. Framers, a sole proprietorship. As the owner of the business, Tom May had the ability and authority to bring N.C. Framers into compliance with N.C. Gen. Stat. § 97-93, but willfully refused or neglected to do so.
 ***********
Based upon the foregoing findings of fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Tom May d/b/a N.C. Framers shall pay Wilson Urology, P.A. billing in the amount of $289.00 and Wilson Medical Center billing in the amount of $174.00, or the amounts approved in accordance with Industrial Commission procedures.
2. Tom May d/b/a N.C. Framers shall reimburse Plaintiff for prescription medication in the amount of $32.97 by certified check.
3. Tom May d/b/a N.C. Framers shall pay Plaintiff temporary total disability benefits in the amount of $3,419.00 covering the following time periods: 2 May 2002 through 10 May 2002; 20 June 2002 through 22 June 2002; and 28 August 2002 through 14 October 2002 for a total of $3419.00. A certified check shall be made payable to plaintiff in the amount of $3,419.00 and mailed or delivered to plaintiff's counsel.
4. Tom May d/b/a N.C. Framers shall pay Plaintiff's attorney a fee in the amount of $5,400.00 and reimbursement for costs of $10.00 for representation of Plaintiff in this matter. Tom May d/b/a N.C. Framers shall submit a certified check in said amount directly to plaintiff's counsel.
5. Pursuant to N.C. Gen. Stat. § 97-94(b), a penalty of fifty dollars ($50.00) per day is assessed against Tom May d/b/a N.C. Framers for failing to secure workers' compensation insurance for its employees from 1 May 2001 to 1 May 2002. A certified check in the amount of $18,250.00 shall be made payable to the North Carolina Industrial Commission and sent directly to the Dockets Department at the Industrial Commission.
6. Pursuant to N.C. Gen. Stat. § 97-94(d), a penalty is assessed against Tom May, individually, in the amount of $3,914.97, which equals 100% the value of Plaintiff's claim. This amount shall be paid by certified check payable to the Industrial Commission and sent directly to the Dockets Department at the Industrial Commission.
7. Defendant-employer shall pay the hearing costs.
This the ___ day of August 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG COMMISSIONER
 S/__________ THOMAS BOLCH COMMISSIONER